1
2
3
4
5
6

**HOWARD & HOWARD ATTORNEYS PLLC**
Kimberly P. Stein, Esq.
(Nevada Bar No. 8675)
Wells Fargo Tower, Suite 1000
3800 Howard Hughes Parkway
Las Vegas, Nevada 89169-5980
Telephone: (702) 257-1483
Facsimile: (702) 567-1568
Email   KStein@HowardandHoward.com

7
8
9
10
11

**HOWARD & HOWARD ATTORNEYS PLLC**
Patrick M. McCarthy (Michigan Bar No. P49100) (admitted *Pro Hac Vice*)
One North Main Building, Suite 410
101 North Main Street
Ann Arbor, Michigan 48104-1475
Telephone:  (734) 222-1483 | Fax:  (734) 761-5957
Email:  PMcCarthy@HowardandHoward.com

12

*Attorneys for Plaintiff Konami Gaming, Inc.*

13
14
15
16
17
18

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

19
20

KONAMI GAMING, INC., a Nevada
corporation,

21
22

              Plaintiff,

              v.

23
24
25

PTT, LLC d/b/a High 5 Games., a Delaware
limited liability company,

              Defendant.

26
27

PTT, LLC d/b/a High 5 Games., a Delaware
limited liability company,

28

              Counterclaim-Plaintiff,

Case No.: 2:14-CV-01483-RFB-NJK

**[STIPULATED] PROTECTIVE ORDER**

As amended, pages 8, 9, 17, 18.

1

v.

KONAMI GAMING, INC., a Nevada
corporation,

Counterclaim-Defendant.

## [STIPULATED] PROTECTIVE ORDER

Pursuant to Local Rule 16.1-4, the Parties stipulate that the following Protective Order should be entered in this case.

## I.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section XII.C below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 10-5 sets forth the procedures that must be followed and the standard that will be applied when a Party seeks permission from the court to file material under seal.

/ / /

/ / /

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

2

## II.   DEFINITIONS

**A.   Challenging Party:**  a Party or Non-Party that challenges the designation of information or items under this Order.

**B.   "CONFIDENTIAL" Information or Items:**  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

**C.   Counsel (without qualifier):**  Outside Counsel of Record and House Counsel (as well as their support staff).

**D.   Designating Party:**  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

**E.   Disclosure or Discovery Material:**  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, documents, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**F.   Expert:**  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

**G.   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:**  extremely sensitive "Confidential Information or Items," production of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means and can only be disclosed to Outside Counsel of Record.

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

3

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

**H.**   **House Counsel**: attorneys who are employees of a Party to this action as well as their support staff, if engaged in substantive legal work for a Party and who do not serve as Outside Counsel of Record. This definition includes any attorneys or their support staff who are engaged in prosecution of patent applications for a Party.

**I.**   **Non-Party**: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**J.**   **Outside Counsel of Record**: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

**K.**   **Party**: any Party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**L.**   **Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

**M.**   **Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**N.**   **Protected Material**: any Disclosure or Discovery Material that is designated as CONFIDENTIAL, or as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

**O.**   **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

4

**HOWARD & HOWARD ATTORNEYS PLLC**
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

### III.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

### IV.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs and in accordance with Section XIII below.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### V.   DESIGNATING PROTECTED MATERIAL

**A.      Exercise of Restraint and Care in Designating Material for Protection.**
Designating Party under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or

5

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate or routinized designations are prohibited.

(1)    **Duty to Withdraw Inadvertent Designations.** If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

B.    **Manner and Timing of Designations.** Except as otherwise provided in this Order (*see, e.g.*, Section V.B(1)(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

(1)    **Manner of Designation.** Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted. Additionally, all documents and other materials (including copies) produced in discovery in this litigation shall be given unique production

6

numbers (commonly referred to as "Bates" numbers) by the Producing Party. Each Producing Party shall use a unique production number prefix to identify the producing party as delineated here:

| Prefix: | Producing Party: |
|---------|------------------|
| KGI | Konami Gaming, Inc. |
| HIGH5 | High 5 Games. |

Third-party Producing Party(s) may determine their own prefix to delineate their documents or other materials.

(b)   for information made available of inspection, the Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend (CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(c)     for testimony given in deposition ~~or in other pretrial or trial proceedings,~~ that the Designating Party identify on the record, before the close of the deposition, ~~hearing, or other proceeding,~~ all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, ~~hearing, or other proceeding~~ is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(d)     Parties shall give the other Parties notice if they reasonably expect a deposition, ~~hearing or other proceeding~~ to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

shall not in any way affect its designation as "CONFIDENTIAL"

or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(e)     Deposition Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter deposition of these requirements. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(f)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

C.     **Inadvertent Failure to Designate.** An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon discovery of

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

an inadvertent failure to designate, a Producing Party may notify the Receiving Party in writing of the correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The Producing Party shall provide substitute copies of documents bearing the confidentiality designation. Any Receiving Party will also make all reasonable efforts to retrieve any documents from anyone who had received the documents prior to the notification to the Receiving Party of the inadvertent failure to designate and who is no longer permitted to access the documents under the new designation.

## VI.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

**A.    Timing of Challenges.**   Any Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive the right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**B.    Meet and Confer.**   The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in person or by telephone; other forms of communication are not sufficient) within 14 days of the date of service of notice and in accordance with the conference required by Local Rule 26-7.  In conferring, the Challenging Party must explain the basis for

its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

C.   **Judicial Intervention.** If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to remove the confidentiality designation within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.   Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

**VII.  CONTINUING OBLIGATION. ALL PARTIES SHALL CONTINUE TO AFFORD THE MATERIAL IN QUESTION THE LEVEL OF PROTECTION TO WHICH IT IS ENTITLED UNDER THE PRODUCING PARTY'S DESIGNATION UNTIL THE COURT RULES ON THE CHALLENGE. ACCESS TO AND USE OF PROTECTED MATERIAL**

A.   **Basic Principles.**   A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section XIII below.

(1)   **Receiving Party's Duty to Securely Maintain Protected Material.** Protected Material must be stored and maintained by a Receiving Party

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**B.**     **Disclosure of CONFIDENTIAL Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

**(1)**     the Receiving Party's Outside Counsel of Record in this action, as well as employees or attorneys with of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

**(2)**     the officers, directors, employees, and agents (including House Counsel) of the Receiving Party or its affiliates to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

**(3)**     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

**(4)**     the court and its personnel;

**(5)**     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

**(6)**     during their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

(7)     the author or recipient of a document containing the information or a custodian or other person who otherwise lawfully possessed or lawfully knew the information.

**C.**     **Disclosure of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY only to:

(1)     the Receiving Party's Outside Counsel of Record in this action, as well as employees or attorneys with or attorneys of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation. Under no circumstances shall any attorney who also works or serves as House Counsel be permitted to review any information or item designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by a Producing Party (other than Producing Party's own information), and such Outside Counsel of Record has a duty to wall any  House Counsel (including patent prosecution counsel) ;

(2)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(3)     the court and its personnel;

(4)     court reporters and their staff, professional jury or trial consultants,  and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

**(5)**   the author or recipient of a document containing the information or a custodian or other person who otherwise lawfully possessed or lawfully knew the information.

**D.**   **Prosecution Bar.**  Notwithstanding anything to the contrary:  No individual (including attorneys, agents, paralegals, and support staff) who receives material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Protective Order that relates to the subject matter of a pending patent application or undisclosed invention or game method (including without limitation any game business method), system, or apparatus, in whole or in part, and that is not publicly known or already in the possession of the Receiving Party shall prosecute any patent application or participate in the prosecution of any patent application (including but not limited to any division, continuation, continuation-in-part, reissue, reexamination, renewal, extension or any foreign counterpart) on behalf of the Receiving Party in the field of gaming, for any application during this litigation or for any application claiming a priority date earlier than one year after the final conclusion of this litigation, including appeals; provided that nothing in this paragraph shall operate to preclude any such person from fulfilling and/or assisting in the fulfillment of any prior art disclosure obligations to the United States Patent and Trademark Office (PTO) that may arise as a consequence of knowledge obtained during the course of this litigation, or assisting in the presentation of arguments in support of patentability of patent claims in view of any references cited by the PTO or a third-party reexamination requestor, subject to the terms of this Protective Order.  This provision only applies to the

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

14

specific individuals who receive materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Protective Order.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A.   **No Effect on Duty to Obey Lawful Subpoena.**  Nothing in this Order shall be construed as authorizing any Party or Non-Party to disobey a lawful subpoena issued in another action.

B.   **Duties on Receipt of Subpoena or Order Compelling Production.** If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, that Party must:

(1)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(2)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(3)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

C.   **Duty to Cooperate with Designating Party.** If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

IX.   **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

    A.    **Non-Parties Are Entitled to the Protections of this Order.** The terms of this Order are applicable to information produced by a Non-Party in this action and designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

X.   **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

XI.   **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

    The making of documents or items available for inspection or the production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege, work product immunity, or any other applicable privilege or immunity from discovery if after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such documents as within the attorney-client privilege, work

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

product immunity, and/or any other applicable privilege or immunity and requests in writing return of such documents to the Producing Party. Upon request by the Producing Party, the Receiving Party shall immediately retrieve and return any and all copies of such inadvertently produced document(s), including retrieving and returning any and all copies distributed to others (e.g., experts, consultants, vendors). Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege, work product immunity, or other applicable privilege or immunity designation by submitting a written challenge to the Court; however, the fact of the inadvertent production of the document(s) may not be used as a basis for such challenge. A Receiving Party may not retain any copies of any inadvertently produced document(s) for any purpose, including the purpose of challenging the propriety of the attorney-client privilege, work product immunity, and/or other applicable privilege or immunity designation; however, the Producing Party must add the document(s) to a privilege log.

## XII.   MISCELLANEOUS

**A.    Right to Further Relief.**  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

**B.    Right to Assert Other Objections.**  By stipulating to the entry of this Protective Order, no Party or Non Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**C.    ~~Filing Protected Material before Trial.~~**  ~~Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. In accordance with Local Rule 10-5, if any papers to be filed with the Court contain Protected Material, the proposed filing must be accompanied by an application to file the papers or the portion thereof~~

See order issued concurrently herewith.

17

~~containing the Protected Material (if such portion is segregable) under seal. That~~
~~application shall be directed to the judge to whom the papers are directed. For~~
~~motions, the parties should also file a redacted version of the motion and~~
~~supporting papers.~~

## XIII. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section IV above, each Receiving Party must destroy all Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV above.

### IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated this 27th day of April, 2015.

HOWARD & HOWARD ATTORNEYS PLLC

/s/ Kimberly P. Stein
Kimberly P. Stein, Esq.
Nevada Bar No. 8675
Wells Fargo Tower, Suite 1000
3800 Howard Hughes Pkwy.
Las Vegas, Nevada 89169
Telephone:  (702) 257-1483
Facsimile:  (702) 567-1568
Email:  KStein@HowardandHoward.com

Patrick M. McCarthy (Michigan Bar No.
P49100) (admitted *Pro Hac Vice*)
One North Main Building, Suite 410
101 North Main Street
Ann Arbor, Michigan 48104
Telephone:  (734) 222-1483
Facsimile:  (734) 761-5957
Email:  PMcCarthy@HowardandHoward.com

*Attorneys for Plaintiff Konami Gaming, Inc.*

Dated this 27th day of April, 2015.

HOLLAND & HART LLP

/s/ Robert C. Ryan
Robert C. Ryan, Esq.
Nevada Bar No. 7164
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone:  (775) 327-3000
Facsimile:  (775) 786-6179
Email:  rcryan@hollandhart.com

Ryan A. Loosvelt, Esq.
Nevada Bar No. 8550
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Telephone:  (702) 669-4600
Facsimile:  (702) 669-4650
Email:  raloosvelt@hollandhart.com

Christopher B. Hadley, Esq.
(admitted *Pro Hac Vice*)
222 South Main St., Suite 2200
Salt Lake City, UT 84101
Telephone:  (801) 799-5873
Facsimile:  (801) 618-4238
Email:  cbhadley@hollandhart.com

*Attorneys for Defendant PTT, LLC d/b/a
High 5 Games*

### PURSUANT TO THE STIPULATION, IT IS SO ORDERED.
Dated: April 30, 2015

_____
**NANCY J. KOPPE**
United States Magistrate Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KONAMI GAMING, INC., a Nevada corporation,

      Plaintiff,

         v.

PTT, LLC d/b/a High 5 Games., a Delaware limited liability company,

      Defendant.

Case No.: 2:14-CV-01483-RFB-NJK

**ACKNOWLEDGEMENT AND
AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury and hereby affirm that:

    1.    Information, including documents and things, designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

    2.    I have been given a copy of and have read the Protective Order.

    3.    I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

    4.    I submit to the jurisdiction of this Court for enforcement of the Protective Order.

    5.    I agree not to use any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons

20

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential or by order of this Court.   I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

6.     I understand that I am to retain all documents or materials designated as or containing CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY are to be returned to counsel who provided me with such documents and materials.

7.     I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Nevada agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.


DATED this ___ day of _____, 2015

                              BY:   _____

                              TITLE:   _____

21