HOWARD & HOWARD ATTORNEYS PLLC
Robert Hernquist (Nevada Bar No. 10616)
Wells Fargo Tower, Suite 1000
3800 Howard Hughes Parkway
Las Vegas, Nevada 89169-5980
Telephone: (702) 257-1483 | Facsimile: (702) 567-1568
Email: RHernquist@HowardandHoward.com

HOWARD & HOWARD ATTORNEYS PLLC
Patrick M. McCarthy (Michigan Bar No. P49100) (admitted *pro hac vice*)
One North Main Building, Suite 410
101 North Main Street
Ann Arbor, Michigan 48104-1475
Telephone: (734) 222-1483 | Fax: (734) 761-5957
Email: PMcCarthy@HowardandHoward.com

HOWARD & HOWARD ATTORNEYS PLLC
Kristopher K. Hulliberger (Michigan Bar No. P66903) (admitted *pro hac vice*)
450 West Fourth Street
Royal Oak, Michigan 48067-2557
Telephone: (248) 723-0453 | Fax: (248) 645-1568
Email: kkh@h2law.com

*Attorneys for Plaintiff Konami Gaming, Inc*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| KONAMI GAMING, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>PTT, LLC d/b/a High 5 Games, a Delaware limited liability company,<br><br>Defendant.<br>___<br>PTT, LLC d/b/a High 5 Games, a Delaware limited liability company,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>KONAMI GAMING, INC., a Nevada | Case No. 2:14-CV-01483-RFB-NJK<br><br>**AMENDED JOINT STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** |

1

corporation,

    Counterclaim-Defendant.

Pursuant to Rule 26(f) of the Federal Rules of Civil procedure and Local Rule 26-1, Plaintiff Konami Gaming, Inc. ("Konami" or "Plaintiff") and Defendant PTT, LLC d/b/a High 5 Games ("High 5 Games") previously submitted a Joint Stipulated Discovery Plan and Scheduling Order on March 13, 2015 (Dkt No. 25). On September 18, 2015, this Court granted Plaintiff Konami Gaming, Inc. ("Konami" or "Plaintiff") and Defendant PTT, LLC d/b/a High 5 Games ("High 5 Games") Stipulation to Stay Discovery and Claim Construction Deadlines (Dkt No. 43) and Ordered that an Amended Joint Discovery Plan containing the deadlines granted in the Stipulation be filed no later than September 22, 2015. Pursuant to that Order, the Parties hereby submit this Amended Joint Discovery Plan and Scheduling Order.

This is a complex patent case involving Plaintiff's allegations of infringement of four patents. The Plaintiff has asserted a total of 64 claims against 63 of defendant High 5's games. The parties have exchanged initial contentions in accordance with the Joint Discovery Plan and Scheduling Order set forth in this case. (Dkt. No. 32). During the contention exchange plaintiff Konami served Initial Infringement Contentions (44 pages with claim charts), followed by High 5's Initial Non-Infringement, Invalidity and Unenforceability Contentions (489 pages with claim charts), and finally, Konami served its Response to High 5's contentions (834 pages with claim charts). The Parties are amending the Discovery Plan and Scheduling Order in order to exchange further information about the accused technology, and to permit the parties technical representatives to meet and discuss the technology, with the intention of potentially reducing the issues and complexities in this dispute.

As this is a complex patent infringement action, a *Markman* hearing is required to construe the claims in the patent(s) asserted in the action. The Court's *Markman* ruling to come will be critical to the scope of discovery performed in this matter, such as, for example, determining the scope of product(s) accused of infringement and related issues such as damages by reason of their distribution in the marketplace. As a result, the Parties previously requested Special Scheduling under the Local Rules to trigger certain discovery deadlines based on entry of the Court's claim construction order, the timing of which the Parties and the Court cannot determine at this time. The Special Scheduling Review was therefore made in good faith and for purposes of litigating the case in the most expeditious and cost-effective manner for the Court and all parties. The Proposed Discovery Plan and Scheduling Order along with this Revised Discovery Plan and Scheduling Order are similar to other orders entered by the Court in this District. *See, e.g.,* Scheduling Order granting Proposed Discovery Plan/Scheduling Order dated 1/27/2015 (Dkt No. 31) in *Konami Gaming, Inc. v. Marks Studios, LLC,* Case Number: 2:14-cv-01485-JAD-CWH; and Scheduling Order granting Proposed Discovery Plan/Scheduling Order dated 08/04/2014 (Dkt. No. 18) in *Konami Gaming, Inc. v. Lightning Gaming, Inc. et al.,* Case Number 2:14-cv-00724-JAD-CWH; and Joint Proposed Discovery Plan and Scheduling Order dated 3/11/2015 (Dkt. 19) in *Galaxy Gaming, Inc. v. In Bet Gaming, Inc., et al.,* Case Number: 2:14-cv-01956-RFB-VCF.

I. **COMPLIANCE WITH LOCAL RULE 26-1(D); STATEMENT REGARDING SPECIAL SCHEDULING REVIEW, INCLUSIVE OF NATURE OF PARTIES' CLAIMS AND DEFENSES**

Plaintiff and Defendant, through their attorneys of record, held their conference pursuant to Fed. R. Civ. P. 26(f) on February 19, 2015. The parties request special scheduling in the form of a discovery period that is longer than the 180-day discovery period provided for

under the Local Rules. The parties respectfully submit that the extended time period is appropriate because this is a patent case with discovery that is more time consuming than in other matters. This case involves claims by Plaintiff that Defendant infringes four patents owned by Konami - U.S. Patent No. 8,096,869 (the '869 patent), entitled "Gaming Machines with Runs of Consecutive Identical Symbols," U.S. Patent No. 8,366,540 (the '540 patent), entitled "Gaming Machines with Runs of Consecutive Identical Symbols," U.S. Patent No. 8,622,810 (the '810 patent), entitled "Gaming Machines with Replacement of Runs of Symbols Containing Identical Symbols with New Identical Symbols," and U.S. Patent No. 8,616,955 (the '955 patent), entitled "Gaming Machine with Runs of Symbols Populated with Identical Symbols During Spinning of Reels," (collectively, the "Patents-in-Suit"). Defendant, in turn, denies infringement and challenges the validity of the Patents and has counterclaimed for a declaration of non-infringement and invalidity of the Patents-in-Suit. Written and deposition discovery will be needed, for example, the research, design and development of the products accused of infringement, various pieces of prior art that may be part of Defendant's invalidity positions (including discovery outside of the United States), the prosecution of the Patents-in-Suit, the proper construction of limitations of the asserted claims of the Patents-in-Suit, and Defendant's sales and revenues relating to the accused products. Moreover, the Court's *Markman* ruling will decide the meaning and scope of the patent claims, which further may lead to additional fact discovery, and it will inform expert discovery. As a result, the parties have agreed and ask that fact and expert discovery be phased, such that fact discovery closes one hundred-twenty (120) days after entry of the Court's claim construction order, and expert discovery closes ninety days (90) after the close of fact discovery. This will allow the parties to quickly complete any necessary discovery after the claim construction order, and will simplify and focus the remaining discovery, as

well as any summary judgment motions and the Pretrial Order. The Parties further request a modification of the *Markman* schedule from the Local Rules 16.1-6 to 16.1-18 and believe there is good cause to do so. Plaintiff asserts four (4) patents and Defendant has counterclaimed for a declaration of non-infringement and invalidity of the Patents-in-Suit, which cause this matter to be complex. As stated above, most of this case hinges upon the proper construction of limitations of the asserted claims of the Patents-in-Suit as determined by this Court's *Markman* ruling. The special scheduling review is made in good faith and for purposes of litigating the case in the most expeditious and cost-effective manner for the Court and all parties.

II. **DISCOVERY PLAN**

A. **Initial Disclosures**

The parties propose exchanging initial disclosures pursuant to Rule 26(a)(1) on April 27, 2015.

B. **Proposed Schedule**

    (i) **The parties propose the following schedule:**

| Event | Basis | Proposed Date[1] |
|---|---|---|
| Parties to file proposed protective order | 14 days after Initial Scheduling Conference. LR 16.1-4. | April 27, 2015 |
| Last day to amend pleadings or add parties | 90 days prior to the close of discovery | TBD |

---

[1] The Parties note that the granted Stipulation (Dkt No. 43) stayed discovery deadlines, including Plaintiff's deadline to respond to outstanding discovery requests. The Parties will negotiate and agree to a revised deadline to respond to all such outstanding discovery requests upon conclusion of the stay as of November 13, 2015. No other discovery dates are affected by the granted Stipulation (Dkt No. 43).

5

| Initial expert disclosures | 45 days after a *Markman* order on claim construction. | TBD |
|---|---|---|
| Rebuttal expert exchange | 30 days after initial expert disclosures. LR 26-1(e)(3). | TBD |
| Submission of Joint Interim Status Report | 60 days before discovery cut-off. LR 26-3. | TBD |
| Fact discovery cut-off | 120 days after entry of the Court's claim construction order. | TBD |
| Expert discovery cut-off | 90 days after the fact discovery cut off. | TBD |
| Last day to file dispositive motions | 30 days after the expert discovery cut-off. LR 26-1(e)(4). | TBD |
| File pre-trial order | 30 days after dispositive motion cut-off. LR 26-1(e)(5). | TBD[2] |

C. **Electronic Discovery**

Issues regarding disclosure or discovery of electronically stored information and forms in which it is produced: The parties agree that all documents produced in this action will be exchanged electronically in an electronically searchable format (i.e., with OCR information). In addition, the following must be produced for each document other than documents in native format:

a) Single-page TIFF images; or multiple page PDF files;

b) Image base load files for IPRO (*.LFP), OPTICON (*.OPT or *.LOG), or SUMMATION (*dii). These load files shall also depict the documents boundaries, and IPRO and Summation must also depict attachment relationships; and

---

[2] In the event dispositive motions are filed, this date shall be suspended until 30 days after decision on those motions or further order of the Court (LR 26-1(e)(5)). The disclosures required by FRCP 26(a)(3) and objections thereto shall be included in pre-trial order.

  c) Data load files that are compatible with Concordance (*.DAT) or Summation (*dii) or are in a similarly delineated format.

  Alternatively, a party may provide some documents or information in native format with an associated production number. Each party reserves its right to assert any appropriate objections to a request for production of documents in native format. If a party elects to produce documents in native format, the parties shall confer to reach an agreement regarding what, if any, associated metadata shall be produced.

  D. **Discovery Limitations**

  The parties have no proposed changes to the normal limitations on discovery according to the Federal Rules of Civil Procedure.

  E. ***Markman* Schedule**

  The parties anticipate the need for a *Markman* schedule and hearing. The proposed dates for such a hearing pursuant to Local rules 16.1-6 to 16.1-18 are below:

| Event | Basis | Proposed Date |
|---|---|---|
| Disclosure of Asserted Claims and Infringement Contentions | LR 16.1-6 | December 21, 2015 |
| Initial Disclosure of Non-Infringement, Invalidity and Unenforceability Contentions | LR 16.1-8 | February 4, 2016 |
| Response to Initial Non-Infringement, Invalidity and Unenforceability Contentions | LR 16.1-10 | February 18, 2016 |
| Exchange of Proposed Terms for Claim Construction | LR 16.1-13 | March 21, 2016 |
| Exchange of Preliminary Claim Construction and Extrinsic Evidence | LR 16.1-14 | June 17, 2016 |
| Parties to Meet and Confer regarding terms requiring construction and proposed meaning of the terms | LR 16.1-14 | June 21– June 28, 2016 |
| Joint Claim Construction Statement | LR 16.1-15 | July 8, 2016 |

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

| | | |
|---|---|---|
| Opening Claim Construction Brief | LR 16.1-16 | August 3, 2016 |
| Responsive Claim Construction Brief | LR 16.1-16 | August 17, 2016 |
| Reply Claim Construction Brief | LR 16.1-16 | August 24, 2016 |

F.     **Estimated Time for Trial**

Because this is a patent case involving four patents, the parties estimate a 10 day jury trial following voir dire.

**IT IS SO ORDERED.**

Dated: September 23, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

Dated this 22nd day of September, 2015.

HOWARD & HOWARD ATTORNEYS PLLC

/s/ Patrick M. McCarthy
Robert Hernquist
Nevada Bar No. 10616)
Wells Fargo Tower, Suite 1000
3800 Howard Hughes Pkwy.
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Facsimile: (702) 567-1568
Email: RHernquist@HowardandHoward.com

Patrick M. McCarthy (Michigan Bar No. P49100) (admitted *Pro Hac Vice*)
One North Main Building, Suite 410
101 North Main Street
Ann Arbor, Michigan 48104
Telephone: (734) 222-1483
Facsimile: (734) 761-5957
Email: PMcCarthy@HowardandHoward.com

Kristopher K. Hulliberger
(Michigan Bar No. P66903)
(admitted *pro hac vice*)
450 West Fourth Street
Royal Oak, Michigan 48067-2557
Telephone: (248) 723-0453
Fax: (248) 645-1568
Email: kkh@h2law.com

*Attorneys for Plaintiff Konami Gaming, Inc.*

Dated this 22nd day of September, 2015.

HOLLAND & HART LLP

/s/ Robert C. Ryan
Robert C. Ryan, Esq.
Nevada Bar No. 7164
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone: (775) 327-3000
Facsimile: (775) 786-6179
Email: rcryan@hollandhart.com

Ryan A. Loosvelt, Esq.
Nevada Bar No. 8550
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Telephone: (702) 669-4600
Facsimile: (702) 669-4650
Email: raloosvelt@hollandhart.com

Christopher B. Hadley, Esq.
(*Pro Hac Vice* to be filed)
222 South Main St., Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5873
Facsimile: (801) 618-4238
Email: cbhadley@hollandhart.com

*Attorneys for Defendant PTT, LLC d/b/a High 5 Games*

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483