# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| KONAMI GAMING, INC., | ) | Case No. 2:14-cv-01483-RFB-NJK |
| Plaintiff(s), | ) | ORDER |
| vs. | ) | (Docket No. 64) |
| HIGH 5 GAMES, LLC, | ) | |
| Defendant(s). | ) | |

Pending before the Court is Defendant's renewed motion for leave to file under seal. Docket No. 64. Defendant seeks permission to redact portions of Exhibits E and G to the Declaration of Christopher B. Hadley in support of its motion to limit number of asserted patent claims. *Id.* at 2; *see also* Docket No. 62.

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The presumption of access is "based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citing *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir.1995)). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (citing *Kamakana*, 447 F.3d at 1178).

The showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached. The compelling reasons standard applies where a motion is "more than tangentially related to the merits" of the case. *Ctr. for Auto Safety*, 809 F.3d at 1101. In

contrast, documents attached to a motion that does not have more than a "tangential" relationship to the merits of the case are subject to the good cause standard. *See id*.

While less stringent, the good cause standard still requires a "particularized showing" that "specific prejudice or harm will result" if the information is made public. *Foltz*, 331 F.3d at 1130. Thus, "[b]road allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not overcome the strong presumption in favor of public access. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation and quotation marks omitted).

Defendant submits that the good cause standard applies, as the underlying motion is procedural in nature and does not seek adjudication on the merits. Docket No. 64 at 7. The Court agrees that, since the underlying motion has only a tangential relationship to the merits, the good cause standard applies. *C.f. GoDaddy.com LLC v. RPost Commc'ns Ltd.*, 2016 WL 1158851, *2 (D. Ariz. Mar. 24, 2016) (applying good cause standard to seal document attached to motion to amend infringement contentions).

Defendant has shown good cause to warrant its proposed redactions to Exhibits E and G to the Hadley declaration. Defendant contends that good cause exists because the redactions contain detailed discussions of accused products that include a technical analysis of its proprietary trade secret information. Docket No. 64 at 5. Revelation of this information, Defendant contends, would allow its competitors access to this information, harming it competitively. Docket No. 64 at 5-6. Further, Defendant submits that public disclosure of this information would hinder its ability to pursue this action for misappropriation of this trade secret. *Id*. at 6. Accordingly, Defendant has made a particularized showing that specific harm would result if the redacted information is made public. *Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*, 2016 WL 2593920, *2 (D. Nev. May 5, 2016) (sealing documents under compelling reasons standard as redactions contained trade secret information).

For good cause shown, Defendant's motion for leave to file under seal, Docket No 64, is **GRANTED**. Docket No. 61 shall remain under seal.

IT IS SO ORDERED.

DATED: August 2, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge