# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KONAMI GAMING, INC., )
                        )
             Plaintiff, )   Case No. 2:14-cv-01483-RFB-NJK
                        )
vs. )   **ORDER**
                        )
                        )   (Docket No. 75)
HIGH 5 GAMES, LLC, )
                        )
             Defendant. )

       Currently pending before the Court is Defendant High 5 Games, LLC's Motion for an Order Overruling Plaintiff Konami Gaming Inc.'s Objection to Expert Witness Mark Nicely Viewing Confidential Information Or, in the Alternative, to Amend the Stipulated Protective Order. Docket No. 75. Plaintiff filed a response. Docket No. 82. Defendant filed a reply. Docket No. 83.

       The Parties' stipulated protective order ("order") states in relevant part that for purposes of access to confidential documents, an "expert" is "a person with specialized knowledge or experience in a matter pertinent to the litigation who . . . is not a past or current employee of a Party or of a Party's competitor." Docket No. 36 at 3, 12. Defendant retained Mark Nicely to testify as an expert witness in this action. Docket No. 75-1 at 2. Mr. Nicely is a former employee of International Game Technology ("IGT"), one of Plaintiff's competitors. *See, e.g.*, Docket No. 75 at 1-2; *Id.*, Exhibit ("Exh.") A. Plaintiff refuses to give Mr. Nicely access to its confidential information based on the aforementioned provisions in the order. *See, e.g.*, *id.* at 3-4. Defendant wants Plaintiff to give Mr. Nicely access to confidential documents. The crux of the issue is therefore whether the Court should amend the order such that Mr. Nicely qualifies as an "expert" for purposes of access to confidential information.

1    Defendant provides no authority relevant to whether the Court should amend the order.
2 Instead, Defendant cites cases involving the exclusion of expert testimony and expert witnesses'
3 qualifications under the Federal Rules of Evidence, and discusses Federal Rule of Civil
4 Procedure 26(c).  *See* Docket No. 75 at 5, 7; *see also* Docket No. 83 at 3.  Defendant further
5 submits that, because it did not object to Plaintiff's chosen expert, John Acres, Plaintiff has no
6 right to object to Mr. Nicely and the Court should overrule Plaintiff's objection or amend the
7 order.  *Id.*

8    For its part, Plaintiff cites authority to the effect that a negotiated stipulated protective
9 order is a contract that must be applied according to its plain meaning, and notes that the parties
10 negotiated the language of the protective order in this case for over a month before agreeing on
11 it.  *See* Docket No. 82 at 6.  Thus, Plaintiff argues, the language in the order supports its decision
12 to withhold confidential information from Mr. Nicely, and the Court has no reason to amend the
13 order.  Plaintiff also notes that its expert, John Acres, is a former business associate of IGT, not a
14 former employee.  Docket No. 82 at 7.

15    The Court agrees with Plaintiff.  Defendant cites no authority that would compel or even
16 persuade the Court to amend the order.  The Court cannot amend the order simply because
17 Defendant feels that, in hindsight, it should have negotiated different terms.  *See, e.g.*, Docket
18 No. 75 at 5 ("[W]hen the parties negotiated the order, High 5 did not appreciate the significance"
19 of the definition at issue).  Therefore, the Court will apply the plain meaning of the language in
20 the protective order when analyzing it. There is no dispute that Mr. Nicely is a former
21 "employee" within the order's meaning.  Thus, Mr. Nicely does not qualify as an "expert" for
22 purposes of access to confidential information.

23    Accordingly, the Court hereby **DENIES** Defendant's motion, Docket No. 75.
24    IT IS SO ORDERED.
25    Dated: September 29, 2016

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE