**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| KONAMI GAMING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:14-cv-01483-RFB-NJK |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| HIGH 5 GAMES, LLC, | ) | |
| | ) | (Docket No. 103) |
| Defendant. | ) | |

Pending before the Court is a motion to stay discovery pending resolution of Defendant's motion for summary jugment. *See* Docket No. 103; *see also* Docket No. 92 (motion for summary judgment). Plaintiff filed a response in opposition, and Defendant filed a reply. Docket Nos. 105, 109. The Court finds the motions properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **DENIES** Defendant's motion to stay discovery. Docket No. 103.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The party seeking a stay carries the heavy burden of making a strong showing why discovery should be denied. *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that requests to stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional

discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

Applying the relevant standards, the Court has taken a preliminary peek at the motion for summary judgment and is not convinced that it will be granted.[1] The filing of a non-frivolous dispositive motion, standing alone, does not warrant staying discovery. *See, e.g.*, *Tradebay*, 278 F.R.D. at 603. Instead, the Court must be "convinced" that the dispositive motion will be granted. *See, e.g., id.* "That standard is not easily met." *Kor Media*, 294 F.R.D. at 583. "[T]here must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort." *Id.* (quoting *Trazska v. Int'l Game Tech.*, 2011 WL 1233298, *3 (D. Nev. Mar. 29, 2011)) (emphasis in original). The Court requires this robust showing that the dispositive motion will succeed because applying a lower standard would likely result in unnecessary delay in many cases. *Id.* (quoting *Trazska*, 2011 WL 1233298, at *4).

Accordingly, Defendant's motion to stay, Docket No. 103, is hereby **DENIED**.

IT IS SO ORDERED.

DATED: February 10, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] Conducting this preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.*